MUNICIPAL COURT OF THE CITY OF PROVIDENCE *vs.* JAMES
E. CORCORAN *et als.*

A declaration in debt on a bond set forth the writing obligatory in the following "words
and figures;" then followed a copy of the bond without its signature and seals. After
verdict for the plaintiff the defendants moved in arrest of judgment:
*Held,* that the court would, after verdict, assume the bond to be the writing obligatory of
the defendants.

DEBT.   On motion in arrest of judgment.

This action was debt on a guardian's bond.   The parts of the
declaration referred to by the court are: " For that the said
defendants, at said Providence, to wit, on the thirteenth day of
May, A. D. eighteen hundred and seventy-three, by their writing
obligatory of that date, sealed with their seals, and in the words
and figures following : ' Know all men by these presents, that
we, James E. Corcoran, of the City and County of Providence
and State of Rhode Island, as principal, and Patrick Denahy and
Michael McHale, both of said Providence, as sureties, are holden,
and stand firmly bound and obliged unto the Municipal Court of
the City of Providence, in the County of Providence, in the full
sum of thirty-five hundred dollars to be paid to the said court ;
to the true payment whereof we bind ourselves, our respective
heirs, executors, and administrators, jointly and severally, firmly
by these presents.   Sealed with our seals this thirteenth day of
May, in the year of our Lord, one thousand eight hundred and
seventy-three : ' bound and acknowledged themselves to be in-
debted to the plaintiff in the sum of thirty-five hundred dol-
lars.

" And the said plaintiff avers," &c., — follow the condition of
the bond, but without giving a copy of the signatures, or seals,
— " and the said plaintiff avers," &c., — follow the allegations
of breaches.

*February,* 12, 1878.   PER CURIAM.   The defendants move in
arrest of judgment because the writing set forth in the declara-
tion as the writing obligatory of the defendants does not, as set
forth, appear to have been signed and sealed by them.   We do
not think the motion can be sustained.   The declaration pur-
ports to give only " words and figures," not signatures and
seals, unless signatures and seals are words or figures.   A seal is

obviously neither a word nor a figure. A signature is not nec-
essarily either a word or a figure ; it may be the mark or the
initials of the signer. We think, therefore, the declaration, even
if we must construe it with literal exactness, does not show that
the writing declared on is not what the verdict finds it to be, the
writing obligatory of the defendants. The motion must be over-
ruled and judgment entered for the plaintiff.

*Motion dismissed.*

*S. S. Lapham & Stephen Essex,* for plaintiff.
*Sayles & Greene,* for defendants.